UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANNICA PIERRE,

    Plaintiff,

v.                              Case No. 8:17-cv-1108-T-33JSS

GOVERNMENT EMPLOYEES INSURANCE
COMPANY and PROGRESSIVE AMERICAN
INSURANCE COMPANY,

    Defendants.
_____/

**ORDER**

This cause comes before the Court upon review of the file. For the reasons that follow, the Court sua sponte remands this action to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

**I. Background**

This is an action for damages sustained by Plaintiff Mannica Pierre in a motor-vehicle accident that occurred on August 13, 2015. (Doc. # 2 at ¶ 9). Defendant Progressive American Insurance Company ("Progressive") removed the case from the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida on May 10, 2017, predicating jurisdiction on complete diversity of citizenship. (Doc. #

1

1). On May 12, 2017, Defendant Government Employees Insurance Company ("GEICO") filed its Notice of Joinder and Consent to Removal (Doc. # 9) as well as a separate Memorandum of Law in Support of Removal. (Doc. # 10). Pierre is a citizen of Florida. (Doc. # 1 at ¶ 2). Progressive is incorporated in Ohio and has its principal place of business in Ohio. (Doc. # 8 at ¶ 6). GEICO is incorporated in Maryland with in principal place of business in Maryland. (Id. at ¶ 5). The Court therefore finds that the parties are completely diverse.

## II. Amount in Controversy Requirement

### A. Applicable Insurance Policies

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Pierre does not make a specified claim for damages. (Doc. # 2 at ¶ 1) (generally alleging damages exceeding $15,000). However, Defendants posit in the Notice of Removal

and Memorandum in Support of Removal that the jurisdictional amount is met because the Complaint makes reference to a GEICO Policy (#4336087871) with policy limits of $100,000 per person and $300,000 per occurrence in addition to a Progressive Policy (#904058001) with policy limits of $25,000 per person and $50,000 per occurrence. (Doc. # 1 at ¶¶ 12, 35). Defendants also point out that Pierre claims to have "sustained significant and permanent loss of an important bodily function, significant and permanent scarring or disfigurement, permanent injuries. . . to her jaw, face, head, neck, back, spine, shoulders, arms, legs, elbows, joints, muscles, tendons, ligaments, nerves, soft tissues, and body as a whole." (Id. at ¶ 10). She also claims to have suffered depression, anxiety, aggravation of a preexisting condition, pain and suffering, mental anguish, medical expenses, lost wages, and a host of other damages. (Id.).

Progressive's Notice of Removal states: "Here, Plaintiffs clearly seek damages in excess of the minimum jurisdictional requirements of this Court." (Doc. # 1 at ¶

17).[1] GEICO likewise remarks: "The Complaint alleges that damages to Plaintiff exceed not only the $10,000 limits of the tortfeasor's policy, but also the $100,000 limits of GEICO's uninsured motorist insurance coverage, in addition to the $25,000 limits of Progressive's uninsured motorist insurance coverage." (Doc. # 8 at ¶ 9a).

However, the Court's evaluation of the Complaint reveals that Pierre has made no such claim. Instead of alleging that her damages **exceed** all applicable policy limits, she has merely alleged that, with respect to GEICO, there is "$100,000 in coverage **available to Plaintiff, Mannica Pierre"** (Doc. # 2 at ¶ 12) and that with respect to Progressive, there is "$25,000 in coverage **available to Plaintiff, Mannica Pierre."** (Id. at ¶ 35)(emphasis added). Compare Hudspeth v. GEICO, 6:16-cv-1960-Orl-41-KRS, 2016 U.S. Dist. LEXIS 183690, at *10 (M.D. Fla. Dec. 27, 2016) (amount in controversy satisfied in uninsured motorist case when plaintiff "alleged serious and ongoing injuries and damages and Count I of [the] complaint

---

[1] There is only one Plaintiff in this action.

clearly demands judgment 'for the full amount of the uninsured motorist benefits' – that is $400,000.").[2]

Pierre's Complaint references the GIECO and Progressive policies and claims that coverage is "available" to her, but she does not demand the full amount of the insurance policies. And, even if she had demanded that Defendants tender policy limits, such a demand would not automatically establish that the amount-in-controversy requirement has been satisfied. See Martins v. Empire Indem. Ins. Co., No. 08-60004-CIV, 2008 WL 783762, at *2 (S.D. Fla. Mar. 21, 2008) (stating,"[i]n determining the amount in controversy in the insurance context, numerous courts have held that it is the value of the claim, **not the value of the underlying policy**, that determines the amount in controversy.") (internal quotation marks omitted; emphasis added).

The Court's review of the file leads the Court to conclude there is no basis for determining the amount in controversy likely exceeds the jurisdictional threshold of $75,000.00. For instance, although the Complaint makes a

---

[2] Hudspeth was injured when an uninsured motorist negligently struck Hudspeth as Hudspeth was in a wheelchair lift attempting to enter her vehicle. 2016 U.S. Dist. LEXIS 183690, at *4.

passing reference to "expense of hospitalization," "medical expenses," and "out-of-pocket expenses" no specific procedures or corresponding costs are detailed. (Doc. # 2 at ¶ 33). Similarly, the Complaint indicates that Pierre suffered a "loss of earnings and the ability to earn money" but there is no information on file regarding whether Pierre was employed, and if so, how the car accident affected her wages. (Id.).

The Court is aware that "district courts are permitted to make reasonable deductions and reasonable inferences and need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." Keogh v. Clarke Envtl. Mosquito Mgmt., Inc., No. 8:12-cv-2874-T-30EAJ, 2013 U.S. Dist. LEXIS 20282, at *4-5 (M.D. Fla. Jan. 17, 2013)(internal citations omitted). Using these guidelines, the Court is not convinced that removal was appropriate in this case. Compare Kilmer v. Stryker Corp., No. 5:14-cv-456-Oc-34PRL, 2014 U.S. Dist. LEXIS 152072, at *8-10 (M.D. Fla. Oct. 27, 2014)(finding that the jurisdictional threshold was satisfied when past medical expenses totaled $72,792.93, and the record showed that plaintiff experienced pain and suffering associated with a failed knee replacement after the accident in question); Wilt

v. Depositors Ins. Co., No. 6:13-cv-1502-Orl-36KRS, 2013 U.S. Dist. LEXIS 167890, at n.11 (M.D. Fla. Nov. 6, 2013)(report and recommendation recommending denial of motion to remand when plaintiff's injury caused medical expenses of $58,500, "require[d] future surgery that will cost in the range of $100,000, and will require at least $5,000 per year for future medical care over her remaining life expectancy of 22.4 years.").

**B.  Nebulous Categories of Damages**

The Court recognizes that Pierre has listed the following categories of damages in her Complaint, among others:

> Significant and permanent loss of an important bodily function, significant and permanent scarring or disfigurement, permanent injuries within a reasonable degree of medical probability, injuries to her jaw, face, head, neck, back, spine, shoulders, arms, legs, elbows, joints, muscles, tendons, ligaments, nerves, soft tissues, and body as a whole; became depressed and anxious; aggravated any pre-existing condition; suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money; suffered any non-permanent injuries for which lost wages, medical expenses and other out-of-pocket expenses were incurred and not otherwise provided for in the payment of PIP or insurance related benefits.  Said losses are either permanent or continuing in nature and Plaintiff, Mannica Pierre, will suffer the losses in the future.

(Doc. # 2 at ¶ 10). However, the Court has not been provided with any information about these broad categories of damages. And, the manner in which Pierre has described these categories of damages is so vague and inexact that the Court would be required to engage in rank speculation to ascribe these damages with any monetary value.

As noted, Pierre has alleged a loss of the ability to earn money, but the Court has not been supplied with information as to whether Pierre is employed and, if so, the nature of her wages. Similarly, she seeks redress for "disability," and other damages, yet the file before the Court lacks information (beyond nebulous generalities) to support these allegations. See Robinson v. Peck, No. 1:14-cv-1628-WSD, 2014 U.S. Dist. LEXIS 159198, at *11-12 (N.D. Ga. Nov. 12, 2014)(granting motion to remand in slip and fall action where plaintiff "allege[d] a generic scattershot list of unspecified damages," which included personal injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, impaired ability to labor, loss of earning capacity, incidental expenses, expenses for medical treatment, future medical expenses and permanent injury.).

In addition, because Pierre's bad faith claims have not yet accrued, these claims do not add anything to the amount

in controversy. Hudspeth, 2016 U.S. Dist. LEXIS 183690, at *11; see also Gilbert v. State Farm Auto. Ins. Co., 95 F. Supp. 3d 1358, 1365 ("[B]ecause a bad faith claim does not accrue until the underlying underinsured motorist claim is resolved, the value of the bad faith claim is purely speculative and, as such, the value of that clam is zero" in the context of analyzing the $75,000 jurisdictional threshold.)(citing Marquez v. State Farm Auto Ins. Co., 6:14-cv-241-Orl-KRS, 2014 U.S. Dist. LEXIS 88714 (M.D. Fla. May 8, 2014)).

In a case such as this, where "plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Roe v. Michelin N. Am. Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). As explained above, Defendants fall short of meeting this burden. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this case to the

Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

(2) The Clerk shall **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of May, 2017.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE